UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TEKNOR APEX COMPANY, | ) | 06 100S |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| KMART CORPORATION, A/K/A K MART CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

***PLAINTIFF'S MOTION FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION***

The plaintiff, Teknor Apex Company ("Teknor"), hereby moves the Court for the issuance of a temporary restraining order and/or preliminary injunction against the defendant, Kmart Corporation ("Kmart"). Specifically, Teknor requests the Court:

(1) issue a temporary restraining order enjoining Kmart from selling, offering for sale, shipping, transferring, or otherwise disposing of any infringing product, including its Essential Garden Hose, also described in part as 25' Marine and Camper Hose, until a preliminary injunction hearing can be set;

(2) setting a preliminary injunction hearing as soon as possible;

(3) following a hearing, directing Kmart to recall their product so as not to infringe upon Teknor's Hose Design Patent; and

(4) following a hearing, prohibiting Kmart from infringing Teknor's Hose Design Patent.

WHEREFORE, Teknor prays that its motion be granted.

TEKNOR APEX COMPANY,
By its attorneys,

Robert D. Fine (#2447)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel: (401) 453-6400
Fax: (401) 453-6411

Dated: March 6, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TEKNOR APEX COMPANY, )
)
Plaintiff ) [redacted] 06 100S
)
v. ) C.A. No.
)
KMART CORPORATION, )
A/K/A K MART CORPORATION )
)
Defendant. )

## *MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION*

This case concerns infringement of plaintiff, Teknor Apex Company's ('Teknor') rights in the design and trade dress of a patented garden hose. Defendant Kmart Corporation ('Kmart') improperly copied Teknor's patented garden hose design to trade on Teknor's success. If Kmart is not enjoined, infringing products will be sold during the upcoming spring gardening season, and Teknor will be left without any meaningful remedy.

## *FACTUAL BACKGROUND*

Teknor is a Rhode Island company that compounds, mixes and molds plastics and rubber. Affidavit of Bertram Lederer In Support of Plaintiff's Motion For Injunctive Relief ("*Lederer Aff.*") ¶ 3. Teknor traces its innovation in materials to Alfred A. Fain, who founded Apex Tire Company in Providence in 1924. Teknor has grown its business in size and complexity, and currently is a leading custom compounder of PVC, thermoplastic products and rubber materials used in many industries, and is now one of the major manufacturers of garden hoses and floor mats in the United States. *Id.*, ¶ 4. Teknor employs over 2,000 people, and more than 550 in Rhode Island. *Id.*, ¶ 5. Teknor also is an innovative company, and has been issued numerous U.S. patents for various inventions.

Teknor has developed a new design for a garden hose ("Hose Design"), and was awarded U.S. Patent No. D499,465 ("Hose Patent") for the design for a garden hose. *Id.*, ¶¶ 2 & 6. A copy of the Hose Patent is attached as Exhibit A to the *Lederer Aff.* The transparent longitudinal strip-like portion visible in Exhibit A has been used by Teknor on garden hose products Teknor has sold, and comprises a distinctive and non-functional trade dress ("Hose Trade Dress").[1]

Defendant Kmart has produced and is producing garden hose having a longitudinal transparent strip (the "Kmart Infringing Hose"), including a 25 foot version of which is sold under the name "Essential Garden". *Id.*, ¶ 7. An image of a sample of the Kmart Infringing Hose is attached to the *Lederer Aff.* as Exhibit B.

If Kmart is not enjoined, the infringing Kmart hose will be sold and Teknor will be without meaningful remedy.

## *ARGUMENT*

Preliminary injunctions should issue when the moving party demonstrates (a) a reasonable likelihood of success on the merits; (b) irreparable harm in the absence of an injunction; (c) a favorable balance of hardships; and (d) an adverse impact on the public interest in the absence of an injunction. *Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1370 (Fed. Cir. 2005) (patent case); *I.P. Lund Trading ApS v. Kohler Co.*, 163 F.3d 27, 33 (1st Cir. 1998) (trade dress case). Although the standards are the same as applied by the Federal Circuit and First Circuit, the Federal Circuit provides guidance to this Court instead of the regional circuit, on issues involving patents. *Viam Corporation v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 428 (Fed. Cir. 1996).

### *I. Kmart's Infringement of the Hose Patent Should be Enjoined.*

Teknor has a reasonable likelihood of success in demonstrating infringement, and is

1 Teknor's complaint alleges patent and trade dress infringement, but for this motion for injunctive relief, Teknor relies only on the patent infringement claim.

suffering irreparable harm. Kmart should be enjoined from further infringement.

### A. *Teknor Clearly has a Reasonable Likelihood of Success.*

A reasonable likelihood of success in patent cases requires a showing of "validity"[2] and "infringement." *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994); *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 (Fed. Cir. 1988). Infringement is determined by construction of the patent claim, and comparing the construed claim to the accused product. *Contessa Food Products, Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1376 (Fed. Cir. 2002).

The claim of a design patent encompasses the visual appearance as a whole, and in particular, the visual impression it creates. The patented and accused designs do not have to be identical in order for infringement to be found. *Id.*, at 1376. In comparing the accused product and the patent, text, colors, images and printing not claimed should not be considered. Portions shown in broken line are disclaimed, form no part of the claimed design, and should not be considered in comparing the accused product to the patent.

The overall impressions of Teknor's Hose Patent can be seen in Exhibit A to the *Lederer Aff.* As seen in Fig. 1 of the Hose Patent, the patent claim includes an ordinary garden hose with the ornamental design of a transparent strip-like portion. This claim is also described in the Hose Patent, which states:

> "The characteristic feature of the design resides in an opaque outer coating for the garden hose having a transparent strip-like portion extending longitudinally thereof on one or both sides thereof."
> See *Lederer Aff.*, Exhibit A.

The Hose Patent expressly disclaims any particular fitting on the end of the hose, since the hose fitting is shown in broken lines.

2 "A patent shall be presumed valid." 35 U.S.C. § 282. Teknor is unaware of any validity issues concerning the Hose Patent. *Lederer Aff.*, ¶ 2.

Once a claim is construed, that claim is applied to the accused design using two different tests: the ordinary observer or *Gorham* test, and the point of novelty test. Under the ordinary observer test, "[i]nfringement of a design patent requires a showing that the accused design is substantially the same as the claimed design." *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 990 (Fed. Cir. 1993). The Supreme Court has described the evaluation process as:

> [I]f, in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham Co. v. White,* 81 U.S. 511, 528 (1871). Again, unclaimed features are not considered, and the claimed design and accused design do not have to be identical.

It is clear that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the Kmart Infringing Hose is substantially the same as, and infringes, the Teknor Hose Patent. *Compare Lederer Aff.*, Exhibit A, *with* Exhibit B. The two hoses are virtually identical.

In addition to satisfying the ordinary observer test, "the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art." *Payless Shoesource,* 998 F.2d at 990 (citations omitted). The accused design ordinarily should be compared to the claimed design, not to a commercial embodiment of the design. *Id.*

As a part of the patenting process, an examiner at the U.S. Patent Office, as a neutral expert, searches for prior art, including among issues patents and pending patent application. The references found in the Examiner's review of the prior art[3], is attached as Exhibit C to the *Lederer Aff.* The Examiner's citations shows a tube with a transparent strip that extends through the entire

3 The documents in Exhibit C actually are References Cited in the Hose Patent by the U.S. Patent Office Examiner, and may include disclosures which are not prior art.

tube wall so that the interior of the tube is visible, and various hoses showing braiding, or strands on hose, but none having a transparent strip-like portion not extending through the entire hose wall.

The Kmart Infringing Hose, *Lederer Aff.*, Exhibit B, has a transparent strip-like portion not extending through the entire hose wall. The Kmart Infringing Hose also has braid or strands visible through the strip-like portion. The Kmart hose clearly infringes Teknor's Hose design. Kmart should be enjoined.

### *B. Teknor Faces Irreparable Harm in the Absence of an Injunction.*

"A movant who clearly establishes the first factor [likelihood of success] receives the benefit of a presumption on the second." *Reebok*, 32 F.3d at 1555. "A strong showing of likelihood of success on the merits coupled with continuing infringement raises a presumption of irreparable harm to the patentee." *Reebok*, 32 F.3d at 1556. Thus, based upon this presumption, the burden of production on the question of irreparable harm falls squarely on Kmart. *Id.*

Moreover, "the principal value of a patent is its statutory right to exclude. [Thus,] the nature of the patent grant weighs against holding that monetary damages will always suffice to make the patentee whole." *Reebok,* 32 F.3d at 1557; *Hybritech,* 849 F.2d at 1456-57.

Teknor is entitled to the presumption of irreparable injury, but additionally, Teknor is suffering immediate and irreparable harm from Kmart's sales. Teknor has used and is using the Hose Patent design on very high quality, US made hose, some of which is provided with a lifetime warranty. *Lederer Aff.*, ¶ 6. The Kmart Infringing Hose, in contrast, is foreign made hose, some of which is warranted for as little as two years. *Id.*, at ¶ 7. The Kmart Infringing Hose clearly is inferior, *id.*, at ¶ 7, and its sale irreparably injures Teknor. *Id.*, at ¶ 8.

Additionally, the Kmart Infringing Hose is labeled 5/8" diameter, but in fact is only 1/2" diameter. *Lederer Aff.*, ¶ 7. Consumers purchasing the Kmart Infringing Hose may feel that they

have been deceived or defrauded, and may erroneously attribute such deception, misrepresentation or fraud to Teknor, or Teknor's products.

The Hose Patent is of a limited term, and expires 14 years from December 2, 2004. *Lederer Aff.*, Exhibit A. One of the major benefits of patent ownership is the right to exclude others from making any infringing product. Moreover, since design patents usually are more easily designed around than utility patents, the value of a design patent typically is relatively short-lived. In this case, Teknor risks the irreparable loss of its rights to exclude others from practicing the Hose Patent, and further risks the quick erosion of its Hose Patent rights as competitors design around the patented design.

If Kmart's sales are not enjoined, irreparable injury to Teknor's patent rights and its market position will occur. In the absence of an injunction here, Teknor risks lost sales, as well as the value of Teknor's patent as its value erodes rather quickly due to sales of the Kmart Infringing Hose. *See, Hybritech*, 849 F.2d at 1456.

### C. *The Balance of Hardships Favors Teknor.*

"The third factor required to be considered by the district court in its determination whether to award a preliminary injunction is the balance of hardships. [This Court] must balance the harm that will occur to the moving party from the denial of the preliminary injunction with the harm that the non-moving party will incur if the injunction is granted." *Hybritech,* 849 F.2d at 1457. An injunction may be granted, and will be affirmed upon appellate review, even if "neither party has a clear advantage" after the District Court balances the hardships. *Id.* at 1457-58.

"Traditional trademark and trade dress law ... encourages production of products of high quality 'and simultaneously discourages those who hope to sell inferior products by capitalizing on a consumer's inability quickly to evaluate the quality of an item offered for sale.'" *Qualitex,* 514 U.S. at

164. While these pronouncements were made in the trademark context, this reasoning applies equally to patents, and, alone, provides a balance of hardships that favors the issuance of an injunction.

In contrast, the only apparent harm to Kmart is lost profits. The First Circuit has made clear in the copyright arena that defendant's lost profits is "an argument in defense [that] merits little equitable consideration." *Concrete Machinery*, 848 F.2d at 612. "Advantages built upon a deliberately plagiarized make-up do not seem to us to give the borrower any standing to complain that his vested interest will be disturbed.' *Concrete Machinery*, 848 F.2d at 612.

Teknor sees no risk of harm to Kmart except lost profits, which should be given very little weight, and clearly does not outweigh the harm to Teknor. The balance of harm militates in favor of enjoining Kmart's infringement.

### *D. The Public Interest Demands an Injunction.*

"Typically, in a patent infringement case, although there exists a public interest in protecting rights secured by valid patents, the focus of the district court's public interest analysis should be whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Hybritech*, 849 F.2d at 1459. In other words, the burden shifts to the infringer to advise the Court of why an injunction would *harm* the public interest.

There is a strong public interest in enforcing patents against infringers. Companies hitching a free ride on an innovator's efforts destroy innovation, and the concomitant effects to the public.

Kmart should be enjoined from further and continued piracy.

## *CONCLUSION*

For the foregoing reasons, Teknor asks the Court to:

(1) issue a temporary restraining order enjoining Kmart from selling, offering for sale, shipping, transferring, or otherwise disposing of any products infringing the Hose Patent, and specifically any hose having a transparent strip, until a preliminary injunction hearing can be set;

(2) setting a preliminary injunction hearing as soon as possible;

(3) following a hearing, issue a preliminary injunction imposing the same prohibitions as requested in Paragraph 1 above; and

(4) following a hearing, prohibiting Kmart from infringing Teknor's Hose Patent.

TEKNOR APEX COMPANY,
By its attorneys,

Robert D. Fine (#2447)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel: (401) 453-6400
Fax: (401) 453-6411

Dated: March 6 , 2006